UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD ALLEN SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:17-cv-00320-LJM-MJD ) |
| WARDEN, | ) ) ) |
| Defendant. | ) |

**Entry Directing Further Proceedings**

**I.**

Plaintiff Richard Allen Smith shall have through **August 22, 2017**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on July 7, 2017.

**II.**

There is one and only one means by which to commence a civil action in federal court. That means is through the filing of a complaint. *In re Allied Signal Corp.*, 915 F.2d 190, 192 (6th Cir. 1990) ("an action is commenced with the filing of a complaint rather than a motion"); 1 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 3.02[1] (3d ed.2000) ("an action is not commenced by . . . filing a motion with the court . . . ."). Smith's motion for injunctive relief is not a complaint and therefore is **not sufficient** to commence a civil action for relief.

According to Rule 3 of the Federal Rules of Civil Procedure, a civil action is commenced upon the filing of a complaint with the court. If Smith wishes to file a lawsuit, he must file a complaint, and in doing so he shall be guided by the following: (a) the complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."; (b) the complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the complaint shall contain a clear statement of the relief which is sought. If Smith wishes to obtain relief from this Court then, he must file a complaint and he will have **through August 22, 2017**, to do so. To assist him, the **Clerk shall** include a form complaint with Smith's copy of this Entry. If a complaint is submitted as directed in the preceding paragraph, Smith should place the above cause number on it and the Court will direct its further processing as warranted.

### III.

The Court further notes that even if the motion for injunctive relief were properly filed, it would be denied because it does not demonstrate Smith's entitlement to that relief. A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need. *See Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). A party seeking a preliminary injunction must show (1) that his case has "some likelihood of success on the merits," and (2) that

he has "no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chi.,* 651 F.3d 684, 694 (7th Cir.2011). If the moving party meets these threshold requirements, the district court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Id.*

Here, Smith has failed to show that he has a reasonable likelihood of success on his request for a transfer. He alleges that on April 6, 2016, when he was in the Special Housing Unit of the United States Petitionary in Terre Haute, his cellmate died and he has been accused of his cellmate's murder. Smith was transferred out of the USP Terre Haute, but has since been returned to that facility. He states, with little elaboration, that he has been subjected to retaliation from correctional officers, some of whom were involved in his "predicament." He concludes that his liberty, and possibly his life, are in jeopardy.

These allegations are insufficient to allow the Court to conclude that Smith has stated a viable claim, much less shown his entitlement to injunctive relief. First, to the extent Smith can be understood to seek any relief based on his potential prosecution for the death of his cellmate, this Court has no authority or inclination to interfere with an ongoing investigation and prosecution. Next, as explained in Part II of this Entry, a viable complaint must, among other things, identify what legal injury the plaintiff claims to have suffered and what persons are responsible for each such legal injury. *See Arnett v. Webster,* 658 F.3d 742, 757 (7th Cir. 2011) ("there must be individual participation and involvement by the defendant."). While he alleges that certain people

are retaliating against him, he has identified no individual who is responsible for the alleged retaliation. Finally, any request for a transfer must be considered in light of the requirement that prison officials "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991).

## IV.

In sum, the motion for injunctive relief is not a complaint and is insufficient to show Smith's entitlement to injunctive relief. Smith shall have **through August 22, 2017**, to file a complaint and if he files a complaint, he must also pay the $400.00 filing fee or demonstrate his inability to do so.

The motion regarding letter, dkt. [3], is **granted** to the extent that the **Clerk shall** include a copy of the docket with Smith's copy of this Entry. The docket reflects all activity in this case.

**IT IS SO ORDERED.**

Date: 7/28/2017

*[signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD ALLEN SMITH
59747-065
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808